PER CURIAM.
Appellant, the former husband, seeks review of a final order modifying the final judgment previously entered, which had dissolved the marriage between him and appel-lee, the former wife. He argues that the trial court erred when it increased the amount of his contribution to the support of the parties’ minor child; and when it entered a money judgment in favor of the former wife on account of certain marital debts allegedly owed, but not paid, by him. We affirm in part, and reverse in part.
Our careful review of the record leads us to conclude that there is no merit to the former husband’s argument that the amount of his contribution to the support of the parties’ minor child should not have been increased because the former wife failed to prove a substantial change in circumstances since the entry of the final judgment. Accordingly, we affirm that aspect of the trial court’s order without further discussion.
We do find merit in the former husband’s argument that it was error to enter a money judgment in the amount of $630.00 in favor of the former wife. We agree with the trial court that, because of the terms of a settlement agreement reached by the parties and incorporated into the final judgment, the former husband is obligated to hold the former wife harmless on account of any indebtedness attributable to care previously rendered by Baptist Hospital, which was the subject of the former wife’s claim. However, the record contains no competent evidence from which one might reasonably conclude that the former wife has paid that indebtedness; that the indebtedness is still outstanding (as opposed to having been written off by the hospital); or, if the indebtedness is still outstanding, its amount. In the absence of such evidence, the money judgment must be reversed.
AFFIRMED IN PART; and REVERSED IN PART.
MINER, WEBSTER and MICKLE, JJ., concur.